FILED
2023 DEC 5 AM 11:16
CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UINTA INDIAN Edson Gardner, et al., <br><br> Plaintiff, <br> v. <br><br> Hon Clair M. Poulson, In her official capacity as Judge of Justice Court Judge of the Duchesne County, Utah, <br><br> Defendant. | ORDER ADOPTING THE REPORT AND RECOMMENDATION <br><br> Case No. 2:20-rf-768 <br><br> Chief Magistrate Judge Dustin B. Pead <br><br> Chief District Judge Robert J. Shelby |

Restricted filer Edson Gardner tried to initiate this putative action, submitting a Complaint alleging he is a Uinta Indian and that as such, under *McGirt v. Oklahoma,* 140 S. Ct. 2452 (2020), a court within the State of Utah had no subject matter jurisdiction to criminally charge and prosecute him for speeding.[1] He seeks to sue the Honorable Clair M. Poulson, in his Official Capacity as Judge of the Justice Court of Duchesne County, Utah.

Chief Magistrate Judge Pead filed his Report and Recommendation recommending that documents Gardner submitted not be received, and that his Motion to Proceed in Forma Pauperis also be denied.[2] In reaching this conclusion, Judge Pead found the putative Complaint duplicative of others Gardner has unsuccessfully brought in his long history of litigating cases based on purported status as a member of a federally-recognized Indian tribe. Judge Pead cited the Tenth Circuit case of *Gardner v. Wilkins,* 535 Fed. Appx. 767 (10th Cir. 2013) in which the court noted that "[l]itigation regarding Gardner's Indian status is a road well-traveled."[3]

---

[1] DOC 1.

[2] DOC. NO. 2.

[3] DOC. NO. 2 at 2 (quoting *Wilkins*,

Gardner responded by filing multiple documents.[4]  None are styled as an objection, but the court discerns from these documents that Gardner objects to Judge Pead's recommendation. The documents Gardner filed are:

1. "Motion for Leave to File Reply to Report and Recommendation as Judgment" and an accompanying "Memorandum in Support of Motion for Relief from Report and Recommendation as Judgment."[5]  In this filing, which the court construes liberally, it appears that Gardner seeks relief from Judge Pead's Recommendation pursuant to Federal Rule of Civil Procedure 60(b)(5)[6] and (b)(6).[7]  Citing *McGirt*, he states that he, "[t]he Uinta Indian," has been prevented from litigating his treaty rights as a result of his Utah state speeding prosecution.[8]

2. "Motion of Uinta Indian to Vacate and Remand for Expedited Issuance of Ruling in Light of *McGirt v. Oklahoma*."[9]  In this filing, Gardner asks the court to vacate an order and return "the record" to putative Defendant Judge Poulson "so that the Plaintiff Unita Indian Gardner exercise jurisdiction over the matter."[10]  Gardner asserts that his claim pursuant to *McGirt* raises two questions: 1) his Indian status and 2) whether his crime occurred in Indian Country.[11]

---

[4] DOC. NO. 3, 4.

[5] DOC. 2.

[6] DOC. 3 at 5-6.

[7] *Id.* at 7.

[8] *Id.* at 5.

[9] DOC. 4.

[10] *Id.* at 1-2.  Elsewhere, Gardner argues the "case must be reversed and remanded with instructions to grant." *Id.* at 9.

[11] *Id.* at 2.

Upon final review, I concur with Chief Magistrate Judge Pead's Recommendation and direct that the materials Mr. Gardner has submitted be returned to him unfiled. In addition to the fact that the court is unaware how it could remand this action to any Utah state court, as the Tenth Circuit has noted on multiple occasions, Gardner is not a member of a federally recognized Tribe. This is a material point underlying the claims he wishes to make in this putative action:

> Litigation regarding Gardner's Indian status is a road well-traveled. He does not claim to be a member of a federally recognized tribe. Rather, he claims only to be a descendant of a former member, as are many other Americans. Despite his best efforts in federal, state, and tribal court, this heritage does not entitle him to Indian status whether or not he lives and works on the reservation. [12]

Thus, the putative Complaint is duplicative as Judge Pead found, and is without merit. It shall not be received. Any filing fee associated with it is to be returned to the payor. To conserve court resources, considering Gardner's has a prolific history of filing non-meritorious actions in this District, the Clerk of Court is directed to not file or lodge any additional documents in this action, other than a Notice of Appeal. Should Gardner send documents other than a Notice to Appeal to the clerk's office to be filed in this matter, they will be returned to him.

DATED 5th day of December 2023.

BY THE COURT:

ROBERT J. SHELBY
Chief United States District Judge

---

[12] *Wilkins,* 535 Fed.Appx. at 767-68 (citing *Gardner v. United States,* 25 F.3d 1056 (10th Cir.1994) (unpublished); *State v. Gardner,* 827 P.2d 980 (Utah Ct.App.1992); *Gardner v. Ute Tribal Court,* 36 Fed.Appx. 927 (10th Cir.2002) (unpublished).